ALLEN *v.* SUYDAM, 20 Wend. 321.

In S. Ct. 17 Wend. 370.

### Bill of Exchange; Laches.

ERROR from Supreme Court. This was an action on the case for negligence in the collection of a draft, originally brought in the Superior Court of the city of New York, by Suydam and Boyd, against the Allens, brokers and collecting agents. The draft was drawn by J. Eastabrook, upon a firm at Concord, N. H., in favor of plaintiffs, for $616 89½, dated July 23, 1833, and payable two months *after date.* The plaintiffs received it on the 16th of August, and same day handed it to defendants for collection, who were to receive a commission of one per cent. On the 2d of September, they sent it to a cashier of a bank at Concord, who received it on the 6th, and presented it for acceptance on the 7th, when the drawers told him that they were not ready to accept, as they had no instructions, but expected to have in a short time. On the tenth, he called again with the draft, and they answered him that they had received instructions not to accept the bill, which was the same day protested and returned to the defendants, who received it on the 16th, and the same day sent it to the plaintiffs, asking for a receipt they had given for it, which was refused to be given up, and on the 19th, refused to give any instructions to defendants, as to sending the draft back to be protested for non-payment. On the 9th October, the drawer died insolvent. When the draft was drawn, he had funds in the hands of drawers, though what amount does not appear. The drawers testified also that the delay in the presentment made no difference in their action, as they never accepted without previous advice. It also appeared that the drawers had paid drafts drawn by the same party subsequent to the 16th August, amounting in all to $2,000. On the other hand, it was shown that the draft in question had been given to the plaintiffs, to take up a note of drawer's due to them, which had been protested at Concord for non-payment, and remaining under protest until this draft was substituted for it.

The Supreme Court held, that the laches of the agents,

in forwarding the draft for *acceptance,* made them liable for this neglect; and that the amount of the draft was, in the absence of any other proof in the case, the *rule of damages.*

The Supreme Court held, "that although as between the payer and drawer of a bill of exchange, the remedy of the former against the latter, is not affected by the omission to make presentment for acceptance, if a bill payable a given number of days after *date,* provided it be made at the maturity of the bill; yet the same rule does not prevail as between the payee and agent who undertakes to collect the bill. The agent is bound to present the bill for acceptance, *forthwith ;* and if not accepted, to give notice thereof to his principal, and if he neglect to do so, he becomes responsible in damages.

They also held, the court below right in their rule of damages, although the opinion of the court, given by Cowen, J., says that if there were anything in mitigation of damages, it should have been put to the jury. But he says he can not discover any such ground.

The Court of Errors, *affirming* the liability of the defendants, *reversed* the judgment of the Supreme Court, on the ground that the plaintiffs were entitled only to the *damages actually sustained.* Those under the circumstances would seem to be merely nominal. The rule for judgment of *reversal* was adopted in the following terms:—

"*It is adjudged, &c.,* that an agent who receives a bill for *collection,* which has not been accepted, is bound to present the same for acceptance, without any unreasonable delay, as well as to present the same for payment when it becomes due, or he will be liable to his principal for the damages which the latter sustains by such negligence."

Judgment <em>reversed,</em> 20 to 4.